UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GEORGE H. CORREIA, )
Plaintiff )
)
v. )
) Civil Action
) No. 98-12323RGS
VINCENT MILLER, )
EDWIN W. PARRIS, )
KENNETH BOTANA, )
WILLIAM KOURTIS, )
MICHAEL MCHUGH, )
Defendants )
)

## ANSWER OF THE DEFENDANTS VINCENT MILLER, EDWIN PARRIS, KENNETH BOTANA, WILLIAM KOURTIS AND MICHAEL MCHUGH TO THE PLAINTIFF'S AMENDED COMPLAINT

The Defendants, Vincent Miller, Edwin Parris, Kenneth Botana, William Kourtis and Michael McHugh, by and through their attorney, Melissa J. Garand, hereby submit their response to the Plaintiff's Amended Complaint. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Plaintiff's Amended Complaint.

1. The Defendants admit that Plaintiff George H. Correia was a pre-trial detainee at the Nashua Street jail, located at 200 Nashua Street, Boston, MA at all times relevant to this action. The Defendants admit that the Plaintiff's present address is MCI-Norfolk, P.O. Box 43, Norfolk, MA.

2,3. Pursuant to 5/19/00 court order paragraphs two and three do not require a response as the referenced Defendants were dismissed from this action.

4. Defendant Vincent Miller admits that all times relevant to this action he was an officer at the Nashua Street Jail and in that capacity was responsible for the care and custody of pre-trial detainees.

5. Defendant Edwin Parris admits that all times relevant to this action, he was a Sergeant at the Nashua Street Jail and in that capacity was responsible for the care and custody of pre-trial detainees.

6. Defendant Kenneth Botana admits that all times relevant to this action, he

was an officer at the Nashua Street Jail and in that capacity was responsible for the care and custody of pre-trial detainees.

7. Defendant William Kourtis admits that all times relevant to this action he was an officer at the Nashua Street Jail and in that capacity was responsible for the care and custody of pre-trial detainees.

8. Defendant Michael McHugh admits that all times relevant to this action he was an officer at the Nashua Street Jail and in that capacity was responsible for the care and custody of pre-trial detainees.

9. The Defendants admit that all times relevant to this action, each named Defendant was acting individually. The Defendant s deny the remaining allegations in paragraph nine as all official capacity claims have been dismissed pursuant to 1/13/00 court order.

10. The Defendants admit to the first sentence of paragraph 10. The Defendants are without sufficient knowledge to admit or deny the remaining averment contained in paragraph 10 and leave the Plaintiff to his proofs.

11. Defendant Miller denies dragging the Plaintiff from the holding tank by his jacket. The Defendants are without sufficient knowledge to admit or deny the remaining averments contained in paragraph 11 and leave the Plaintiff to his proofs.

12. Defendant Miller denies dropping the Plaintiff. Defendant McHugh admits wearing uniform pants with a blue stripe down the side. The Defendants are without sufficient knowledge to admit or deny the remaining averments contained in paragraph 12 and leave the Plaintiff to his proofs.

13. The Defendants admit that the Plaintiff was transported to the Hospital. The Defendants are without sufficient knowledge to admit or deny the remaining averments contained in paragraph 13 and leave the Plaintiff to his proofs.

14. The Defendants admit that the Plaintiff was placed in the 5-5 medical unit upon his return to the Jail. The Defendants are without sufficient knowledge to admit or deny the remaining averments contained in paragraph 14 and leave the Plaintiff to his proofs.

15. The Defendants deny that the Plaintiff was denied medical attention. The Defendants are without sufficient knowledge to admit or deny the interaction alleged in paragraph 15 between the Plaintiff and his attorney or his housing assignments while at the Nashua Street Jail and leave the Plaintiff to his proofs.

16. The Defendants are without sufficient knowledge to admit or deny the conversation alleged in paragraph 16, between the Plaintiff and his attorney and leave the Plaintiff to his proofs.

17. The Defendants admit that the Plaintiff was transported to Massachusetts Eye and Ear for an appointment on 11/14/95.

18. Defendant Parris denies the allegations in paragraph 18 that refer to communications between him and the Plaintiff. The Defendants are without sufficient knowledge to admit or deny the remaining averments in paragraph18 and leave the Plaintiff to his proofs.

19. The Defendants admit that the Plaintiff was restrained and transported in a department vehicle on 11/14/95. Defendant Parris denies the allegations in paragraph 19 that refer to communications between him and the plaintiff.

20. The Defendants admit that the Plaintiff was transported to Massachusetts Eye and Ear for an appointment on 11/14/95. The Defendants are without sufficient knowledge to admit or deny the Plaintiff's mental impressions in paragraph 20 as to why he was told to pack up his belongings and leave the Plaintiff to his proofs.

21. Defendant Parris admits that the Plaintiff told the doctor that he was kicked in the eye by an officer and the Defendant Parris stated that he thought the Plaintiff was punched by some inmates. The Defendants are without sufficient knowledge to admit or deny the remaining averments in paragraph 21 and leave the Plaintiff to his proofs.

22. The Defendants neither admit nor deny the allegations in paragraph twenty-two and leave the Plaintiff to his proofs.

23. The Defendants neither admit nor deny the allegations in paragraph twenty-three and leave the Plaintiff to his proofs.

24. Defendant Parris admits that he told the Plaintiff that the move to the 6-1 unit was a classification department move. Defendant neither admit nor deny the remaining characterizations set forth in paragraph 24 and leave the Plaintiff to his proofs.

25. Defendant Parris admits that the Plaintiff was escorted to the 6-1 unit by way of the elevator. The Defendants are without sufficient knowledge to admit or deny the remaining averments in paragraph 25 and leave the Plaintiff to his proofs.

26. Defendant Parris denies that he communicated with the Plaintiff as he escorted the Plaintiff to the 6-1 unit. The Defendants are without sufficient knowledge to admit or deny the remaining averments in paragraph 26 and leave the Plaintiff to his proofs.

27. The Defendant Stilman admits he was in the control booth. The Defendants are without sufficient knowledge to admit or deny the remaining averments contained in paragraph 27 and leave the Plaintiff to his proofs.

28. The Defendants admit that Officer Kourtis gave the Plaintiff a uniform and sheets upon entry to the 6-1 unit, and told him to go to cell #26. The Defendants admit that when the Plaintiff got to the cell, he would not go in and demanded to see a "white shirt". The Defendants neither admit nor deny the remaining averments contained in paragraph 28 and leave the Plaintiff to his proofs.

29. The Defendants deny the averments contained in paragraph 29.

30. The Defendants deny the averments contained in paragraph 30.

31. The Defendants admit that Officer Parris fell to the floor and remained there until help arrived. The Defendants deny the remaining averments contained in paragraph 31.

32. The Defendants deny Officer Parris feigned a fall backward. The Defendants admit that the S.E.R.T. team was summoned to respond to the unit. The Defendants neither admit nor deny the remaining averments in paragraph 32 and leave the Plaintiff to his proofs.

33. The Defendants admit that the Plaintiff was handcuffed and placed in #26 cell. The Defendants admit that medical personnel, Captain Kelley, Nate Lincoff and Captain Eartha entered the unit.

34. The Defendants are without sufficient knowledge to admit or deny the averments in paragraph 34 and leave the Plaintiff to his proofs.

35. The Defendants admit that Captain Kelly and Nate Lincoff entered cell #26. The Defendants admit that Captain Kelly asked the Plaintiff if he needed Medical assistance.

36. The Defendants deny the averments contained in paragraph 36.

37. The Defendants admit that Captain Kelly ordered Sumpter to take the Plaintiff to the infirmary. The Defendants are without sufficient knowledge to admit or deny the remaining averments in paragraph 37 and leave the

Plaintiff to his proofs.

38. The Defendants admit that Greg Haugh investigated the incident. The Defendants deny that inmates were never interviewed. The Defendants are without sufficient knowledge to admit or deny the remaining averments in paragraph 38 and leave the Plaintiff to his proofs.

39. The Defendants are without sufficient knowledge to admit or deny the averments contained in the first sentence of paragraph 39 and leave the Plaintiff to his proof. The Defendants admit that a newspaper article about the Plaintiff was published on 11/14/95. The Defendants deny the remaining averments in paragraph 39.

40. Pursuant to 5/19/00 court order paragraph 40 does not require a response as the referenced Defendants were dismissed from this action.

41. The Defendants admit to the averments contained in paragraph 41.

42. The Defendants admit to the averments contained in paragraph 42.

43. The Defendants admit to the averments contained in paragraph 43.

44. The Defendants neither admit nor deny the averments contained in paragraph 44 and leave the Plaintiff to his proofs.

45. The Defendants admit that the 6-1 Unit is a segregation unit. The Defendants deny the remaining averments in paragraph 45.

46. The Defendants admit that the 4-2 Unit is a general population unit.

47. The Defendants admit that a newspaper article about the Plaintiff was published on 11/14/95. The Defendants admit that the Plaintiff was transported to a doctor appointment on 11/14/95.

48. The Defendants admit that the Plaintiff was moved to the 6-1 unit, cell 26.

49. The Defendants deny that the Plaintiff had no disciplinary infractions. The Defendants admit that, while in the 4-2 unit, the Plaintiff was without disciplinary infractions. The Defendants deny the remaining averments in paragraph 49.

50. The Defendants deny the Plaintiff remained thereafter in the 6-1 unit. The Defendants neither admit nor deny the remaining allegations in paragraph fifty and leave the Plaintiff to his proofs.

## COUNT I
### (42 U.S.C. § 1983 Claim)

51. The Defendants deny the averments contained in paragraph 51.

52. The Defendants deny the averments contained in paragraph 52.

53. The Defendants deny the averments contained in paragraph 53.

54. The Defendants deny the averments contained in paragraph 54.

## COUNT II
### (42 U.S.C. § 1983 Claim)

55. This paragraph is prefatory in nature and therefore no responsive pleading is necessary.

56. Defendant Parris denies that he made the statements alleged in paragraph 56. The Defendants neither admit nor deny the remaining averments in paragraph 56 and leave the Plaintiff to his proofs.

57. The Defendants admit that the Plaintiff was brought to a follow up appointment for an inmate assault on 11/06/95. Defendants Parris and Miller admit being assigned to transport the Plaintiff. Defendant Miller admits to requesting to be relieved of this transport. The Defendants neither admit nor deny the remaining averments in paragraph 57 as it is incomplete and leave the Plaintiff to his proofs.

58. The Defendants admit that Officer Parris told the doctor that the Plaintiff was assaulted by inmates. Defendants Parris and Moshner admit to transporting the Plaintiff to his doctor's appointment. The Defendants neither admit nor deny the remaining averments contained in paragraph 58 and leave the Plaintiff to his proofs.

59. Defendant Parris admits that he stated to the Plaintiff that it was a classification move in response to the request by the Plaintiff as to where he was being moved. The Defendants neither admit nor deny the remaining averments contained in paragraph 59 and leave the Plaintiff to his proofs.

60. Defendant Parris admits that he escorted the Plaintiff to the 6th floor. Defendant Parris denies making any statements to the Plaintiff in the elevator. The Defendants neither admit nor deny the remaining averments in paragraph 60 and leave the Plaintiff to his proofs.

61. The Defendants are without sufficient knowledge to admit or deny the averments contained in paragraph 61 and leave the Plaintiff to his proofs.

62. Defendant Kourtis admits that he gave the Plaintiff a uniform and sheets and told the Plaintiff to go to his assigned cell #26. The Defendants neither admit nor deny the remaining averments in paragraph 62 and leave the Plaintiff to his proofs.

63. The Defendants admit the averments in paragraph 63.

64. The Defendants deny the averments in paragraph 64.

65. The Defendants deny the averments in paragraph 65.

66. The Defendants deny the averments in paragraph 66.

67. The Defendants admit that the Plaintiff was escorted to medical. The Defendants deny the remaining allegations in paragraph 67.

68. The Defendants deny the averments contained in paragraph 68.

69. The Defendants deny the averments contained in paragraph 69.

## COUNT III
(42 U.S.C. § 1983 Claim)

70-82. Paragraphs 70-82 do not require a response as they are directed to Defendants Kelley and Maloney who were dismissed from the case pursuant to the order of the court on 5/19/00.

## AFFIRMATIVE DEFENSES

1. The Defendants deny that they violated any of Mr. Correia's constitutional or statutory rights.

2. The Defendants are immune from suit as a matter of law.

3. The Defendants are protected from liability by qualified immunity.

4. The Defendants were not the proximate cause of any damages to the Plaintiff.

5. The Defendants were at all times relevant to the Plaintiff's complaint, acting with official discretion with an objectively reasonable belief that his actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known.